FIRST NATIONAL BANK OF MERCEDES, Appellant, v. H. H. RODDY, Appellee.
(No. 7396.) (Court of Civil Appeals of Texas. San Antonio. June 13, 1925. Rehearing Denied June 27, 1925.) Appeal from District Court, Hidalgo County; L. J. Polk, Judge. Gause & Kirkpatrick, of Mercedes, for appellant. McDaniel & Bounds, of McAllen, for appellee.

FLY, C. J. This is a suit for $1,500, instituted by appellee against appellant, which it was alleged had been paid out of the funds of appellee by appellant on two drafts drawn on him without authority by E. M. Sorenson. A trial without a jury resulted in a judgment in favor of appellee for $1,675.85. No statement of the material facts in this case has been made, and this court has been compelled to read the statement of facts to obtain a fair understanding of the circumstances surrounding the parties. Appellee, from October 12, 1922, to October 30, 1923, was engaged in the cotton business, and was buying cotton at different points. He had an account with appellant, and had arrangements with appellant by which the latter was to pay drafts with "cotton tickets" attached. In October, 1922, two drafts, one for $500 and the other $1,000, came to appellant from one E. M. Sorenson, who was an agent for appellee, the first dated October 21, the last October 26. They were drawn on appellee, and each had a bill of lading for cotton attached to it. That was the usual course of business. When the drafts of Sorenson on appellee for $500 and $1,000 came to the bank, they were shown to appellee, and he, without the consent of the bank, detached the bills of lading. He told appellant not to pay the $1,000 draft and that he would protect the bank. Appellant paid both drafts and charged the same to appellee's account. Appellee was notified through a statement made to him in writing in December, 1922, that the drafts had been paid by the bank. We will not further detail the facts, in view of a reversal, and have given the foregoing only as leading up to the question of certain evidence offered by appellant. With the background shown by the evidence, appellant offered to prove by appellee and Sorenson, his agent, that after appellee had a settlement with appellant he, appellee, had stated to Sorenson that he had paid the two drafts sued on, and asked Sorenson to return the amounts to him, which Sorenson refused to do, and appellee then sued Sorenson for the amount of the two drafts. Appellant offered in evidence at the same time the petition filed by appellee in his suit against Sorenson, as well as other papers therein. The court refused to allow appellant

to present the evidence. The evidence was material and proper, and conclusively showed that appellee, as claimed by appellant, had agreed to and acquiesced in the action of the appellant in paying the drafts and charging the same to the account of appellee. The evidence should be heard and the whole case investigated more thoroughly than on this trial. The judgment is reversed, and the cause remanded.

---

**1**

P. S. ALEXANDER, Plaintiff in Error, v. Cal MORRIS, Defendant in Error. (No. 3776.) (Springfield Court of Appeals. Missouri. July 1, 1925.) Error to Lawrence County Court; Chas. L. Henson, Judge. R. C. Ford, of Forsyth, for plaintiff in error. Robert L. Gideon, of Forsyth, and John T. Moore, of Ozark, for defendant in error.

COX, P. J. Action for money had and received. Verdict for defendant, and plaintiff brings the case here by writ of error. There is nothing before us to show that a bill of exceptions was ever filed, nor what its contents may have been, if it were filed. There is therefore nothing before us, except the record proper, and we find no error therein. Judgment affirmed.

BRADLEY and BAILEY, JJ., concur.

---

**2**

Albert J. DAVOREN and Katherine G. Davoren, Respondents, v. KANSAS CITY; a Municipal Corporation, Appellant. (No. 14614.) (Kansas City Court of Appeals. Missouri. June 15, 1925.) Appeal from Circuit Court, Jackson County; Thos. B. Buckner, Judge. "Not to be officially published." John B. Pew and Ilus M. Lee, both of Kansas City, for appellant. Hogsett & Boyle, of Kansas City, for respondents.

BLAND, J. This is a suit by the parents of Kenneth Davoren to recover for his wrongful death by drowning while playing on the ice of a pond. The pond was caused to be formed by defendant. There was a verdict and judgment in favor of plaintiffs in the sum of $7,000, and defendant has appealed. This is a companion case to that of Albert J. Davoren v. Kansas City, 273 S. W. 401, decided by the Supreme Court, but not yet [officially] reported, and which involved the death of deceased's twin brother, Karl Davoren, drowned at the same time under the same circumstances. The same points are made in both cases, and as the Supreme Court has decided all the questions at issue, except the amount of the verdict, adversely to defendant, it would be a work of supererogation for us to go over the case a second time. If plaintiffs will within 10 days remit the sum of $2,000 from the face of the judgment, it will be affirmed for $5,000 as of date of the verdict; otherwise, it will be reversed, and the cause remanded.

ARNOLD, J., concurs.
TRIMBLE, P. J., absent.

---

**3**

Emil ROTHENHEBER, Respondent, v. PULITZER PUBLISHING COMPANY, N. Murry Edwards, William S. Campbell, and William C. Metz, Appellants. (No. 17754.) (St. Louis Court of Appeals. Missouri. June 18, 1925.) Appeal from St. Louis Circuit Court; Franklin Miller, Judge. "Not to be officially published." Judson, Green & Henry, N. Murry Edwards, and Charles E. Morrow, all of St. Louis, for appellants. Frank C. O'Malley, of St. Louis, for respondent.

BECKER, J. This court, in an opinion to be found in 262 S. W. 48, reversed the judgment herein for error in giving two instructions, but ruled all other assignments of error adversely to the appellants. In due course our Supreme Court issued its writ of certiorari in the case and held that our ruling with reference to each of said instructions was in conflict with the last controlling decisions of said Supreme Court, and consequently quashed our judgment in the case. See State of Missouri ex rel. Emil Rothenheber, Relator, v. Allen, P. J., et al., 270 S. W. 633. In light of this situation the case is again before us for final disposition. Adopting what we have heretofore said in the case (262 S. W. 48), excepting what has been ruled contra by our Supreme Court's writ referring to said two instructions, it follows that the judgment should be affirmed. It is so ordered.

DAUES, P. J., and NIPPER, J., concur.

---

END OF CASES IN VOL. 273

*